IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JEREMY KENNEDY**                                                                                       **PLAINTIFF**
**ADC #093061**

**V.**                                    **NO: 5:17CV00168 DPM/PSH**

**CORRECT CARE SOLUTIONS,** *et al.*                                            **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Jeremy Kennedy ("Kennedy") filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* on June 21, 2017. Doc. Nos. 1 & 2. In addition to the complaint, Kennedy filed a motion for a preliminary injunction. This recommended disposition concerns Kennedy's application to proceed *in forma pauperis* and his motion for a preliminary injunction.

Kennedy is an inmate at the Pine Bluff Unit in the Arkansas Department of Correction ("ADC"), but states that he is to be released as soon as Arkansas Community Correction approves his parole residence. Doc. No. 2 at 8. He acknowledges that he is a "three-striker" as defined by

the Prison Litigation Reform Act ("PLRA"), but asserts that he is in imminent danger of serious physical injury because he will receive only a seven-day supply of his Hepatitis B medication upon his release along with a prescription that he will have to fill.  Doc. No. 2 at 7-8.  Citing *Wakefield v. Thompson*, 177 F.3d 1160, 1164 (9th Cir. 1999), Kennedy asserts that "prisons are obligated to arrange for continuing treatment after release, for a period of time necessary to allow the prisoner to obtain treatment himself, to avoid the denial or interruption of treatment."  Doc. No. 2 at 9.  Kennedy seeks compensatory and punitive damages; a declaratory judgment that the actions he describes constitute malpractice and a denial of medical care; and an injunction requiring Correct Care to provide him with a 90-day supply of his medication and to pay for and transport him to and from a medical appointment in August 2017.  Doc. No. 2 at 11; Doc. No. 3.

Under the three-strikes provision of the PLRA, the court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added).  The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision.  *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Kennedy has at least four strikes.  Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Kennedy has strikes in the following cases: *Kennedy v. Byers, et al.*, No. 5:04-cv-00008-JMM; *Kennedy v. Minor*, No. 5:04-cv-00046-GH; *Kennedy v. Byers, et al.*, No. 5:94-cv-00682; and *Kennedy v. Barker, et al.*, No. 5:93-cv-00489-JWC.

As a three-striker, Kennedy must show that he was in imminent danger of serious physical injury at the time he filed the complaint.  28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  Kennedy acknowledges he is receiving his medication while incarcerated and will receive a 7-day supply when he is released.  He asserts he is at risk of serious physical injury once he is released.  However, contrary to Kennedy's assertions, the state is not required to provide his medical care once he is released.  Rather, the state's duties with respect to an incarcerated person's medical care stem from the restriction of the inmate's liberty.  The Honorable Barry Bryant describes the applicable law as follows:

> The Eighth Amendment does not proscribe affirmative duties on the state to provide citizens with medical care, however, an exception has been carved out for incarcerated persons.  *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  In *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), the Supreme Court explained "[i]t is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself."  *Id.* at 104.  This obligation to provide medical care to incarcerated persons is an exception to the general rule that the Due Process Clause does not place affirmative duties on the state.  *See DeShaney v. Winnebago Cty. Dep't of Soc. Srvs.,* 489 U.S. 189, 196 (1989).  In *DeShaney,* the Supreme Court explained the rationale for the constitutional requirement of providing medical care to inmates:
>
>> when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs . . . medical care . . . it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause. The affirmative duty to protect arises . . . from the limitation which it has imposed on his freedom to act on his own behalf.
>
> *Deshaney,* 489 U.S. at 198–202.
>
> There is no Eighth Circuit or Supreme Court precedent recognizing a constitutional duty to provide medical care to an inmate after he is released. . . .

*Hamilton v. Singleton*, No. 4:13-CV-04038, 2015 WL 1004343, at *3 (W.D. Ark. Mar. 5, 2015), *aff'd*, No. 15-3477, 2017 WL 1382559 (8th Cir. Apr. 18, 2017).  *See also Gilliam v. Johnson*, No. 1:12-CV-01008, 2015 WL 1419346, at *8 (W.D. Ark. Mar. 27, 2015).  The only circuit court of appeals to recognize a duty to provide medical care post-release is the Ninth Circuit in *Wakefield v. Thompson, supra,* which was cited by Kennedy.  However, the *Wakefield* decision is not binding on this court.  With no binding precedent establishing a constitutional right to post-release medical care, Kennedy cannot show that the defendants place him in imminent danger of serious physical injury.  Accordingly, as a three-striker, Kennedy is not entitled to proceed *in forma pauperis*.

For the same reasons, granting injunctive relief[1] is not appropriate.  The court cannot impose a duty on the state to provide post-release medical care where none exists.  Accordingly, Kennedy's motion for a preliminary injunction should be denied.

IT IS THEREFORE RECOMMENDED THAT:

1. Kennedy's motion for leave to proceed *in forma pauperis* (Doc. No. 1) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

2. Kennedy's motion for preliminary injunction (Doc. No. 3) be DENIED.

3. Kennedy be given thirty days to reopen the case by paying the $400 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 26th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The granting of injunctive relief is an extraordinary remedy, particularly in a prison context. *See Goff v. Harper*, 60 F.3d 518 (8th Cir. 1995).  In that context, a request for injunctive relief must be viewed with great caution because judicial restraint is called for in dealing with the complex and intractable problems of prison administration. *See Id.*  In considering whether to grant such relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc*., 640 F.2d 109 (8th Cir. 1981).